UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGELA POGOSOV AVETISYAN,<br>   aka "Angela Khamtrashyan,"<br><br>    Defendant. | No. CR 14-00329-ODW-2<br><br>FINDINGS IN SUPPORT OF ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL |

    The Court previously read and considered defendant Angela Pogosov Avetisyan's ("defendant") Motion for Bail Pending Appeal. On August 5, 2019, the Court denied defendant's motion in a minute order. Pursuant to Federal Rule of Appellate Procedure 9 and the August 15, 2019 Order of the United States Court of Appeals for the

Ninth Circuit, the Court hereby sets forth its reasons for denying defendant's motion for bail pending appeal.

The Court concludes that defendant has not met her burden under the Bail Reform Act to demonstrate that her appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). In support of this conclusion, the Court finds as follows:

1. <u>Defendant has waived the right to appeal her sentence.</u>

In paragraph 18 of her signed plea agreement, defendant agreed to waive her right to appeal her sentence "provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 32. . . ." Dkt. 265 ¶ 18. This waiver specifically includes defendant's right to appeal "the procedures and calculations used to determine and impose any portion of the sentence" and "the term of imprisonment imposed by the Court." <u>Id.</u> At defendant's sentencing hearing, the Court calculated a total offense level of 32 and a Criminal History Category of I, which ordinarily would provide for an advisory Guidelines range of 121 to 151 months' imprisonment. However, because the statutory maximum sentence for a violation of 18 U.S.C. § 1349 is 120 months, the guidelines sentence in this case corresponding to a total offense level of 32 is 120 months. <u>See</u> U.S.S.G. 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum

sentence shall be the guideline sentence.").

The 120-month sentence imposed by the Court is "within . . . the range corresponding to an offense level of 32," thereby triggering defendant's appellate waiver. The arguments raised in defendant's motion are subject to the waiver because they challenge only "the procedures and calculations used to determine and impose any portion of the sentence." Because the defendant's appellate waiver "encompasses [her] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made," defendant's appeal is subject to dismissal. United States v. Charles, 581 F.3d 927, 931 (9th Cir. 2009); United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999). Because defendant's asserted grounds for appeal are foreclosed by her appellate waiver, any appeal a fortiori does not raise "a substantial question of law" likely to reverse or reduce her sentence.

2. The arguments defendant seeks to assert on appeal do not present a substantial question.

In her motion, defendant asserts three errors that she claims justify reversal of her sentence: (1) the denial of an evidentiary hearing; (2) the Court's findings as to the loss amount were inadequate; and (3) the Court's determination as to the loss amount was erroneous. The Court finds that none of these arguments raise a substantial question of law or fact likely to result in a reversal or reduction of defendant's sentence.

First, the Court was not a party to the defendant's plea agreement and never promised to hold an evidentiary hearing at her sentencing. In fact, in advance of sentencing, the Court specifically stated on the record, in the presence of defendant's

counsel, that it might not hold an evidentiary hearing.  Dkt. 409 at 31.  Nor is defendant entitled to an evidentiary hearing as a matter of course.  "[T]he court is left to its 'discretion' whether it 'permit[s] the parties to introduce testimony or other evidence on the objections.'"  United States v. Houston, 217 F.3d 1204, 1209 (9th Cir. 2000) (quoting Fed. R. Crim. Pro. 32(c)(1)).  Therefore, defendant fails to raise a substantial question on this ground.

Second, the Court adequately explained its findings regarding loss on the record.  The Court clearly delineated the enhancements and reductions it applied to calculate defendant's total offense level.  Dkt. 412 at 60-61.  The Court acknowledged the factual dispute over the loss amount, and engaged in an extended conversation with defense counsel about the intended loss enhancement.  Dkt. 412 at 44-58.  Regarding the intended loss, the Court found that defendant had "engaged in fraudulent Medicare billing for home health services for around seven years," and that the loss amount was likely higher than set forth in the Presentence Report.  Id. at 76-77.  These findings are more than adequate to support the sentence imposed by the Court and therefore defendant's claim does not raise a substantial question likely to result in a reversal or reduction of defendant's sentence.

Third, defendant's challenge to the loss amount does not raise a substantial question likely to result in a reversal or reduction of defendant's sentence.  The Court agreed with the evidence presented by the United States showing that it was reasonably foreseeable to defendant that Medicare was billed over $9.5 million in false and fraudulent billings as a result of defendant's conduct in the fraud scheme.  Dkt. 354 at 13-18 (summarizing and attaching relevant

transcripts and exhibits). The Court relied on this evidence in deciding that the intended loss was over $9.5 million. Dkt. 414 at 60.

    3. <u>A successful appeal would not result in a significant reduction in defendant's sentence.</u>

Even in the unlikely event that the Court of Appeals were to conclude that one of defendant's challenges to her sentence (1) was not barred by her appellate waiver and (2) entitled her to a remand, any sentence imposed on remand would still likely include a term of imprisonment longer than the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1). This is because, even if the Court were to impose a sentence within the guidelines range associated with the lowest offense level agreed to by the parties, an offense level of 17 would still call for a sentence of imprisonment between 24 to 30 months. Dkt. 265. Any appeal would likely be resolved in less time than that.

IT IS SO ORDERED.

August 22, 2019
DATE

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE